**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **YOLANDA M. WILLIAMS,** *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:23-CV-01510-DII-SH** |
| **AUSTIN POLICE DEPARTMENT,** *Defendant* | § | |
| | § | |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DISTRICT COURT**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Yolanda M. Williams's Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed December 11, 2023. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 4.

## I. General Background

Plaintiff Yolanda M. Williams filed this civil rights lawsuit against Defendant Austin Police Department on December 11, 2023. Williams, who is proceeding *pro se*, alleges that she was wrongfully detained and asks the Court to award money damages.

## II. Application to Proceed *In Forma Pauperis*

After reviewing Williams's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Williams *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the

action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Williams is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e)(2) and recommends that Williams's lawsuit should be dismissed. Service on Defendant should be withheld pending the District Court's review of these recommendations.

## III. Section 1915(e)(2) Frivolousness Review

Because Williams has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under Section 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

If it is "clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not

state a claim on which relief may be granted. *Id.* The Court must liberally construe a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Williams appears to sue the Austin Police Department under 42 U.S.C. § 1983. She alleges that she was "wrongfully detained and arrest[ed] with unnecessary use of excessive force" at the Austin airport on December 5, 2021, and taken to a hospital. Dkt. 1 at 4. Williams does not provide the names of any officers who allegedly used force against her or any other allegations related to their use of force.

The Austin Police Department is not an entity that can be sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (holding that a city department may not be sued unless it has a separate legal existence from the city). Because Williams filed her Complaint *pro se*, the Court recommends that her claim be construed against the City of Austin. *See Wilson v. Austin Police Dep't*, No. A-23-CV-233-RP-ML, 2023 WL 3688462, at *2 (W.D. Tex. Apr. 24, 2023) (construing a *pro se* claim against the Austin Police Department as a claim against the City of Austin), *R. & R. adopted*, 2023 WL 3688014 (W.D. Tex. May 26, 2023).

**A. Williams's Claim is Barred by the Statute of Limitations**

The statute of limitations for a claim under 42 U.S.C. § 1983 is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations in Texas is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). A cause of action under Section 1983 accrues when the aggrieved party knows or has reason to know of the injury. *Piotrowski*, 237 F.3d at 576.

Williams alleges that she was injured on December 5, 2021, and she was aware of the injury on that day. Dkt. 1 at 4. Her claim accrued the day that the officers allegedly used excessive force,

and the statute of limitations expired on December 5, 2023. Williams signed the Complaint on December 5, 2023 and mailed it the next day, but the Clerk did not receive it until December 11, 2023. Dkt. 1 at 1, 5; Dkt. 1-2. A complaint mailed by a plaintiff who is not incarcerated is not filed until it is delivered to the clerk. FED. R. CIV. P. 5(d)(2); *Gonzales*, 157 F.3d at 1020. Because Williams's Complaint was not filed until after the statute of limitations period expired, her Section 1983 claim is time-barred.

**B. Williams Fails to State a Claim on Which Relief May Be Granted**

Even if Williams's claim were not time-barred, she fails to state a claim against the City of Austin. Section 1983 does not permit municipal liability for the actions of a city's employees on a theory of respondeat superior. *Shumpert v. City of Tupelo*, 905 F.3d 310, 316 (5th Cir. 2018). Municipalities are liable for the constitutional torts of their employees under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), if the plaintiff can show three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (quoting *Monell*, 436 U.S. at 694). The official policy "must be either unconstitutional or have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result." *Shumpert*, 905 F.3d at 316 (citation omitted).

Williams alleges that she was subject to excessive force, but does not allege that any City policy was the moving force behind the constitutional violation, or that any City policy was unconstitutional or adopted with deliberate indifference. For these reasons, she does not state a claim against the City of Austin.

In sum, the Court finds that Williams's lawsuit is frivolous because it is barred by the statute of limitations and because she does not state a claim on which relief may be granted.

## IV. Order

The Court **GRANTS** Plaintiff Yolanda M. Williams's Application to Proceed *In Forma Pauperis* (Dkt. 2).

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Williams's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 5, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE